BATES, Appellant, v. THE AMERICAN RAILWAY EX-
PRESS COMPANY, Respondent.

(187 N. W. 634.)

(File No. 5031.   Opinion filed April 10, 1922.)

**Carriers—Damages—Injury to Hog Expressed Unaccompanied by Shipper—Non-evidence of Manner of Injury—Directed Verdict For Carrier, Reversed—Peterson v. R. R. Co. Distinguished—Presumption Re Result of Non-care—Burden of Proof.**

Where plaintiff's hog in sound condition was shipped by express in a wooden crate, unaccompanied by shipper, and it was found at a point enroute that boards near top of crate were loose and one of hog's hind legs bruised rendering it permanently crippled and practically worthless; evidence showing

injury through violent bruises but no showing as to manner of receiving injury, held, that trial court erred in directing verdict for defendant carrier; since proof was of an injury to the hog that ordinarily would not have happened if required degree of care was exercised; presumption being that such care was wanting, and burden of proof is on defendant to show due care exercised. Peterson v. C. M. & St. P. Ry. Co., 19 S. D. 122, distinguished.

Appeal from Circuit Court, Davison County. Hon. FRANK B. SMITH, Judge.

Action by C. B. Bates, against the American Railway Express Company, a corporation, to recover damages for injury to plaintiff's hog shipped by defendant carrier. From a judgment for defendant upon directed verdict, and from an order denying a new trial, plaintiff appeals. Reversed.

*Roscoe Satterlee,* for Appellant.

*Bailey & Voorhees,* and *Spangler & Wire,* for Respondent.

Appellant cited, re burden of proof: Note to Cleve v. C., M. & St. P. Ry. Co., (Neb.) 15 Anno. Cas., p. 35; Church v. C., M. & St. P. Ry. Co., 81 Neb. 615, 116 N. W. 520.

Respondent cited, contra, re presumption of negligence: Peterson v. Ry. Co., 19 S. D. 122; Harrison v. Ry. Co., 6 S. D. 100.

POLLEY, J. Action for the recovery of damages for an injury to a hog shipped by express from Alton in the state of Iowa to Mitchell in this state. At the close of plaintiff's testimony the trial court, on defendant's motion, directed a verdict for defendant, and plaintiff appeals.

The testimony shows that the hog weiged about 200 pounds when delivered to defendant at Alton, Iowa, that he was in a wooden crate, and that he was sound and in good condition. Neither the plaintiff nor any one for him accompanied the shipment. When the hog reached Mitchell two of the boards next to the top of the crate were loose, and one of the hog's hind legs was bruised to such an extent that he was permanently crippled and rendered practically worthless. The evidence shows that the injury was caused by a violent bruise, but there is no evidence whatever as to the manner in which the injury was received.

The verdict was directed upon the authority of Peterson v. C., M. & St. P. R. Co., 19 S. D. 122, 102 N. W. 595. We fail to see the analogy between that case and this. In that case the

issue was whether the hogs had been kept sufficiently "wet down" while they were in transit from Renner in this state to Sioux City, Iowa, a distance of 95 miles. The evidence showed they had been "wet down" at two different places in that distance, and there was no evidence that there were other stations where they could have been "wet down," or that it was usual or necessary to "wet down" hogs at other stations that were being shipped that distance under similar circumstances. But in this case the testimony showed an injury to the hog that ordinarily would not have happened if the required degree of care was exercised. In such cases the presumption is that such care is wanting, and the burden of proof is on the defendant to show that the proper degree of care was exercised.

"According to the weight of authority, where it is shown that live stock not accompanied by the shipper was delivered to the carrier in good condition, and that it was not delivered, or was received at destination in bad condition, the burden is on the carrier to show that the loss or injury was not the result of its negligence." 10 C. J. 379.

See, also, 4 R. C. L. pp. 993, 994, and Griffen v. Manice, 166 N. Y. 188, 59 N. E. 925, 52 L. R. A. 922, 82 Am. St. Rep. 630.

The judgment appealed from is reversed.