Note.—Reported in 205 N. W. 710. See, Headnote (1), American Key-Numbered Digest, Witnesses, Key-No. 268(1), 40 Cyc. 2512; (2) Appeal and Error, Key-No. 205, 4 C. J. Sec. 2986; (3) Appeal and Error, Key-No. 205, 3 C. J. Sec. 736; (4) Evidence, Key-No. 434(11), 22 C. J. Sec. 1623; (5) Sales, Key-No. 38(2), 35 Cyc. 64; (6) Sales, Key-No. 38(1), 35 Cyc. 63.

---

BATES, Respondent, v. THE AMERICAN RAILWAY
EXPRESS COMPANY, Appellant.

### (205 N. W. 671.)

(File No. 5502.   Opinion filed November 9, 1925.)

Appeal from Circuit Court, Davison County; HON. FRANK B. SMITH, Judge.

*Bailey & Voorhees,* of Sioux Falls, and *T. J. Spangler,* of Mitchell, for Appellant.

*Roscoe Satterlee,* of Mitchell, for Respondent.

Appellant cited: Boyd v. Elec. Co., 68 Pac. 810; Chapman v. Elec. Co., 67 Pac. 928; Speilman v. Ry. Co., 55 N. W. 270; Lauden v. Scott, 194 Pac. 488; Ry. Co. v. Adams, 105 S. E. 566; Gay v. Director General of Railroads, 111 Atl. 855; Peterson v. Ry. Co., 19 S. D. 122.

Respondent cited: Boehl v. C. M. & St. P. Ry. Co., 46 N. W. 333; Sweney v. American Express Company, 144 Ia. 342, 115 N. W. 212.

DILLON, J.  This is an action to recover damages brought by plaintiff against defendant American Railway Express Company, for an injury to a hog received while en route from Alton, Iowa, to Mitchell, this state. When the case came up for trial, the court directed a verdict for defendant, and plaintiff appealed. In the opinion handed down at that time by this court, the order of the trial court was reversed and a new trial granted. Bates v. American Railway Express Company, 45 S. D. 373, 187 N. W. 634. In this opinion it was stated that "the burden of proof is on the defendant to show that the proper degree of care was exercised." 10 C. J. 379. The case came up for a second trial and after all the evidence was submitted the jury rendered a verdict for the plaintiff, allowing damages in the sum of $237.50.

The pivotal point in this appeal was the question of negli-

·gence, and we think sufficient evidence has not been submitted in the second trial to change the decision announced in this case on the former appeal.

We therefore hold that the decision in the former appeal is ·controlling and the judgment of the lower court is affirmed.